# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HAROLD L. PLESS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV216 |
| | ) | |
| SHERIFF BRAD RILEY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

3. Petitioner's claims appear to relate to state court charges which are still be pending. To the extent that Petitioner wishes to have this court intervene in ongoing state criminal proceedings, this is generally not proper. This Court does not supervise or manage state trial courts. Petitioner has not shown the "extraordinary circumstances" required for a federal court to intervene in a pending state court criminal matter. See Duran v. Thomas, No. 10-2029, 2010 WL 3374095 (3rd Cir. Aug. 27, 2010)(unpublished). Also, most of his claims attack the credibility of a witness against him. He will have the opportunity

> to raise these claims in his criminal proceedings in state court at a later time if they are proper claims.

4. Petitioner appears to admit that he has not exhausted at least some of his claims. (Docket Entry 1, § 18.) They should be dismissed. See Duran, supra; Simpson v. King, No. 2:10-cv-00972, 2010 WL 3703043 (S.D.W. Va. Sept. 1, 2010) (unpublished recommendation adopted in Simpson v. King, Civil Action No. 2:10-0972, 2010 WL 3703039 (S.D.W. Va. Sept. 14, 2010)).

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

                                          /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                    **United States Magistrate Judge**

Date: March 12, 2012